**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1952-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KEVIN A. IBANEZ,

     Defendant-Appellant.

_____

Submitted February 6, 2024 – Decided February 29, 2024

Before Judges Whipple and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal 22-25.

Levow DWI Law, attorneys for appellant (Evan M. Levow, of counsel and on the brief, Keith George Napolitano, Jr., on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (K. Charles Deutsch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kevin Ibanez appeals from the denial of his petition for post-conviction relief (PCR). We affirm.

In 2013, defendant pled guilty in Garfield Municipal Court to driving while intoxicated (DWI), N.J.S.A. 39:4-50, and failure to report an accident, N.J.S.A. 39:4-130. This was defendant's second DWI conviction. In exchange for his guilty plea to the DWI charge, the State amended the charge of leaving the scene of an accident involving property damage, N.J.S.A. 39:4-129(b), to failure to report an accident, N.J.S.A. 39:4-130, and dismissed all other tickets. In a plea hearing before the municipal court, defendant acknowledged he understood he was pleading guilty to DWI; by pleading guilty, he was waiving his right to trial (at which the State would have the burden of proving him guilty); and, as defendant was a non-citizen, his guilty plea could impact his efforts to become a United States citizen. Defendant also acknowledged he was satisfied with his attorney's representation; his attorney answered all his questions; and he had no questions of his attorney.

Defendant admitted he was operating a vehicle on August 29, 2013, having consumed alcohol prior to driving. He stipulated that a breathalyzer test result showed his blood alcohol content was 0.15. The municipal judge accepted defendant's guilty plea and sentenced him as a second-time offender to: a fine

2

of $607; $33 in court costs; a $50 VCCB assessment; a $75 Safe Neighborhood assessment; a $200 DWI assessment; a two-year license suspension; thirty-days of community service; and two days in the Bergen County Jail or the Intoxicated Driver's Resource Center. On the failure to report charge, the municipal court imposed a fine and court costs. The court specifically advised defendant of potential penalties if defendant was to be convicted of a third or subsequent DWI. Defendant did not appeal.

Eight years later, in June 2021, defendant was charged with a third DWI. Because he then faced a mandatory 180-day jail sentence and an eight-year license suspension, N.J.S.A. 39:4-50(a)(3), defendant filed a petition for PCR from the 2013 DWI conviction in the municipal court, alleging he was unaware of his constitutional rights when he pled guilty in 2013 and his plea to DWI lacked a sufficient factual basis. Defendant asked the PCR court to vacate his 2013 guilty plea.

Defendant's petition was untimely pursuant to Rule 7:10-2(b)(2), but he contended his sentence and plea were illegal, thus asserting his petition was timely under Rule 7:10-2(b)(a), which provides an illegal sentence can be corrected at any time. He also asserted excusable neglect, contending he was

never advised he had defenses to the 2013 DWI charge and was not properly advised of his constitutional rights.

The municipal judge denied defendant's petition. Defendant sought review in the Law Division. For reasons placed on the record, the PCR court determined defendant's petition was time-barred; there is no fundamental injustice even if defendant's assertions were found to be true; and there is no allegation of ineffective assistance of counsel and no claim of actual innocence. The PCR judge denied the relief sought. This appeal followed.

On appeal defendant argues the following points.

> I. THE FACTUAL BASIS ASCERTAINED FOR THE PLEA WAS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT.
>
> II. THE MOTION FOR [PCR] IS NOT TIME BARRED BECAUSE A SENTENCE WAS IMPOSED BASED ON AN INVALID AND ILLEGAL PLEA.

We reject these arguments. "[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). PCR provides "a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

A-1952-22

Rule 3:22-5 provides: "A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." "[P]rior adjudication of an issue, including a decision on direct appeal, will ordinarily bar a subsequent [PCR] hearing on the same basis." State v. Afanador, 151 N.J. 41, 51 (1997). However, the rule applies "only if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal." State v. Marshall (Marshall IV), 173 N.J. 343, 351 (2002) (quoting State v. Marshall (Marshall III), 148 N.J. 89, 150 (1997)).

No petition for PCR can be filed more than five years after the date of entry of the judgment of conviction being challenged, unless the petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect" and shows that, if the facts are found to be true, "there is a reasonable probability that . . . enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1). The rule serves the two important interests of (1) preventing prejudice to the State's case as memories fade, witnesses become unavailable, and evidence is lost; and (2) respecting the finality of judgment so as to "allay the uncertainty associated with an unlimited

5

possibility of relitigation" and prompt "those believing they have grounds for [PCR] to bring their claims swiftly . . . ." State v. Mitchell, 126 N.J. 565, 575-76 (1992).

Nevertheless, the five-year procedural bar is not absolute. State v. Milne, 178 N.J. 486, 492 (2004). It may be relaxed if the defendant shows the delay in filing was due to excusable neglect or the interests of justice demand it. Ibid.

"In the context of [PCR], a court should relax Rule 3:22-12's bar only under exceptional circumstances." Mitchell, 126 N.J. at 580. Factors to consider in determining whether there has been injustice warranting a relaxation of the procedural bar include (1) "the extent and cause of the delay," (2) "the prejudice to the State," and (3) "the importance of the petitioner's claim." Afanador, 151 N.J. at 52. "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." Ibid. To meet the burden, a petition must include "more than a bare allegation." State v. Goodwin, 173 N.J. 583, 594 (2002). "The petition itself must allege the facts relied on to support the claim." Mitchell, 126 N.J. at 577.

Defendant's PCR petition was filed out of time. Defendant filed his petition on March 31, 2022, well past the five-year deadline to address his 2013

A-1952-22

guilty plea and conviction for DWI and failure to report an accident. Defendant demonstrated no excusable neglect which would justify relaxing the time bar.

Moreover, defendant's assertion that his plea and resulting sentence were illegal finds no support in the record. Defendant's answers during the plea hearing belie any assertions he was inadequately informed of his rights or was unaware of the consequences, as outlined by the PCR judge in his findings. Defendant made no contemporaneous claim of innocence when he pled guilty and does not do so now. Post-sentencing, an insufficient factual basis is no longer enough to permit the withdrawal of a guilty plea; rather, the defendant must establish the insufficiency raises some constitutional concern. Mitchell, 126 N.J. at 577.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1952-22